GULOTTA, Judge.
In these consolidated suits growing out of a personal injury claim for damages sustained in a trip-and-fall accident, the trial judge granted summary judgment in favor of South Central Bell Telephone Company. The judgment dismissed not only plaintiff’s claim against Bell, but also all incidental demands against Bell, including third party complaints and an intervention. The inter-venor and the third party plaintiffs appealed, but plaintiff did not appeal. We affirm.
In the first of the consolidated suits, Annette Williams directed her claim against South Central Bell only. She alleged that on November 15, 1977, while employed by the Housing Authority of New Orleans (HANO), she tripped and fell on cut carpeting in the office. According to her petition, the carpeting had been cut to allow the installation of telephone lines beneath the carpet in the HANO office. She claims the carpeting was not repaired and was left unattended without any signs warning of the hazard. .HANO and its insurer, U.S.F. & G., filed a petition of intervention, seeking reimbursement for workmen’s compensation and medical expense payments made to plaintiff. Bell answered plaintiff’s petition and the intervention by general denial, and pleaded contributory negligence and assumption of the risk against Williams.
In 4he second suit, Williams directed her claim for injuries against Sam Gattuso, James E. Hennessey, and Roy Gattuso, alleged to be owners of the building occupied by HANO, plaintiff’s employer. By supplemental and amended petition, Williams named as additional defendants, Regent Development Corporation (also an alleged owner of the building), its insurer and George Pavlakis, the building superintendent or engineer. Williams alleged that Pav-lakis, as agent and employee of the other defendants, cut the carpet and created the “hidden defect or trap.” HANO and its workmen’s compensation insurer intervened in this suit also. The Gattusos and Hennes-sey filed a third party demand against Bell, seeking indemnification and/or contribution. They alleged Bell was negligent for cutting the carpet during installation and failing to warn HANO’s employees of the danger. Regent Development Corporation and Pavlakis, in answering HANO’s petition of intervention, also made a third party demand against Bell for indemnification and/or contribution.
In a second amended and supplemental petition, Annette Williams alleges that HANO, her employer, and U.S.F.&G., its insurer, failed to repair the cut carpet within a reasonable time and were thereby neg *1383 ligent. Her claim in this supplemental petition is directed against her employer.
Bell’s motion for summary judgment sought dismissal of all demands against Bell, on the basis of the pleadings and of facts developed through depositions and answers to interrogatories, and of admissions of facts by the plaintiff. As noted above, the trial judge granted the motion and dismissed the original and all incidental demands against South Central Bell. Because we conclude there exist no genuine issues of fact material to Bell’s liability, we affirm the judgment.
Keith J. Lutenbacher, the Bell employee who installed the telephone lines in the HANO office, stated in deposition that he made the installation on November 4, 1977. He had previously advised the HANO .director, Rita Hayes, to have the carpet cut open over the access plate to allow him to get into the under-floor conduit containing the telephone lines. When he arrived on November 4, the carpet had been prepared for the work to be done, and was cut in an “x” over the access plate. Lutenbacher further stated that he concluded the work on the same day and advised Hayes that he had finished the job and that she should contact the building people to repair the carpet. He testified he also saw the building manager or maintenance man and informed him he was finished with the work and that the carpet could be repaired. According to Lutenbacher,' no barricade or furniture had been placed over the cut area of the carpet when he left the HANO office, and he did not suggest to Mrs. Hayes that she cover the opening with anything. He told everyone in the office when he started work to be careful because the carpet was cut.
The building maintenance engineer employed by Regent Development Corporation was George Pavlakis. In his deposition, he stated that the carpet was cut at the request of Rita Hayes to facilitate the telephone installation. The actual cutting was done by a maintenance man, under Pava-lakis’ supervision. Contradictorily to Lu-tenbacher’s testimony, Pavlakis stated that the phone people took three days to make the installation. He said he saw the phone men in the lobby and they told him they were finished. However, he stated they told him nothing about the carpet. According to his deposition, immediately after the phone men informed him the job was finished, he placed gray tape over the cut area of the carpet and notified a carpet repair man to come sew the carpet. He further stated that three days elapsed between the time the phone company finished the job to the time the carpet was sewn. During that three day interval, Pavlakis said, the cut area of the carpet was covered by gray tape. He further testified that he did not learn of plaintiff’s fall on the carpet until about three weeks after the carpet was sewn.
Apparently, it is uncontradicted that the telephone people worked on November 4th, but it is questionable whether the work continued two days after that. Plaintiff alleged that her fall occurred on November 15th and this is not controverted by the other parties. In her depositions, Annette Williams stated that when she fell on November 15th there was no tape on the carpet and that no barricade or object had been placed over the carpet opening after it was cut.
The facts material to the issue of whether Bell breached a duty of care toward Annette Williams are established in the record without contradiction: (1) That the cutting of the carpet was not done by a Bell employee; (2) that the Bell employee, Keith Lutenbacher, gave immediate notice to both the HANO director and to the building maintenance engineer that he had completed the installation; and (3) that Annette Williams’ fall occurred anywhere from nine days to three weeks after Luten-bacher notified Hayes and Pavlakis that he was finished.
Under these uncontroverted facts, Bell is entitled to judgment as a matter of law, for *1384 these facts absolve Bell of any liability toward plaintiff. The facts that are contested (e. g., whether Bell finished the installation on November 4th or not until two days afterward; whether Pavlakis put tape over the cut carpeting and if so, when; whether the tape, if any, was there when plaintiff fell; whether plaintiff knew the carpet was cut) all relate to potential liability of the other defendants, not of Bell.
Nor do we find merit to Regent Development’s and Pavlakis’ contention that summary judgment should not have been granted against them because they had no adequate opportunity to conduct discovery. Regent and Pavlakis were not made defendants in the suit against the Gattusos and Hennessey until approximately five months after the original petition was filed. Approximately three months later, Bell filed its motion for summary judgment. Regent and Pavlakis opposed the motion on the basis they had not been in the case when the depositions and other discovery on which Bell relied were conducted. However, Pavlakis was deposed after he was brought into the suit, and the crucial facts on which Bell’s escape from liability rests were either supported or un-contradicted by his testimony. Moreover, as noted by defendant Bell, between the time the motion for summary judgment was filed and the time it was argued and decided, Regent and Pavlakis had more than two months in which to file countervailing affidavits and/or contradictory deposition testimony. Under these circumstances, Regent and Pavlakis were not prejudiced by the granting of summary judgment in Bell’s favor.
We reach the same conclusion regarding HANO’s and U.S.F.&G.’s claim to have suffered detriment from matters deemed admitted by Annette Williams’ failure to respond to Bell’s request for admissions. These defendants argue they were harmed because Bell served the request only on Williams. This argument has no weight in this instance. First, the requests were directed to matters purely within the knowledge of plaintiff Williams.[1] Second, there is no evidence that the trial court relied solely on Williams’ admission in deciding the motion for summary judgment; also in the record are depositions and interrogatories which support the judge’s conclusion that no genuine issue of material fact exists regarding Bell. Thus, assuming (but not holding) that the admissions of a party do not bind a co-party, there is more than enough other evidence to support the trial judge’s decision.
For the foregoing reasons therefore, the judgment is affirmed.

AFFIRMED.

. Bell’s request simply asked Williams to admit she knew of no information or persons to contradict or contravene the deposition testimony of Keith Lutenbacher and Frank Cole, the Bell employees, and further that she was aware of no factual information to support the allegations of negligence she had made against Bell in her petition.